UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-22116-CIV-UNGARO-BENAGES

NIGHT BOX FILED
NOV 2 3 2004
CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| TWENTY FOUR HUNDRED (2400) POUNDS OF FISH FILLETS PURPORTING TO BE "GOLDEN SEA BASS," | ) |
| Defendants. | ) |

### **CLAIMANT CARLOS SEAFOOD, INC.'S ANSWER AND AFFIRMATIVE DEFENSE**

Claimant Carlos Seafood, Inc. ("Claimant"), through undersigned counsel, hereby asserts defenses to the Complaint for Forfeiture *In Rem* of Plaintiff United States of America ("Plaintiff"), dated August 17, 2004, and answers each numbered paragraph therein as follows:

1. The first sentence of paragraph 1 contains Plaintiff's characterization of its lawsuit together with certain conclusions of law to which no response is required. The second sentence of paragraph 1 states conclusions of law to which no response is required.

2. The first sentence of paragraph 2 states conclusions of law with respect to venue to which no response is required, and Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the first sentence of paragraph 2 and therefore denies same. Regarding the second sentence, Claimant admits that the Defendant fish fillets are in the custody of the federal government. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 2 and therefore denies same.



3.   Claimant admits that the Complaint identifies the defendants as twenty four hundred (2400) pounds of fish fillets purporting to be "golden sea bass".

4.   The first sentence of paragraph 4 states conclusions of law to which no response is required. Claimant respectfully refers the Court to 16 U.S.C. § 3371(a) for a true statement of its contents.

5.   Paragraph 5 contains Plaintiff's characterization of its lawsuit and requested relief together with certain conclusions of law to which no response is required.

6.   Paragraph 6 states conclusions of law to which no response is required. Claimant respectfully refers the Court to 16 U.S.C. § 3372(a)(2)(A) for a true statement of its contents.

7.   Paragraph 7 states conclusions of law to which no response is required. Claimant respectfully refers the Court to Florida Administrative Code Rule 68B-21-0015(6) for a true statement of its contents.

8.   Paragraph 8 states conclusions of law to which no response is required. Claimant respectfully refers the Court to Florida Administrative Code Rule 68B-21.003 for a true statement of its contents.

9.   Paragraph 9 states conclusions of law to which no response is required. Claimant respectfully refers the Court to Florida Administrative Code Rule 68B-21.002 for a true statement of its contents.

10.   Paragraph 10 states conclusions of law to which no response is required. Claimant respectfully refers the Court to 16 U.S.C. § 3372(d) for a true statement of its contents.

11.   Paragraph 11 states conclusions of law to which no response is required. To the extent that paragraph 11 is deemed to plead purported facts, Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 due to vagueness and

ambiguity and therefore denies same.

12. Claimant's answers to paragraphs 1 through 11 are incorporated as if fully set forth herein.

13. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies same.

14. Paragraph 14 contains Plaintiff's characterization of certain identified documents, which speak for themselves. Claimant respectfully refers the Court to those documents for a true statement of their contents.

15. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies same.

16. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies same.

17. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies same.

18. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies same.

19. Paragraph 19 contains Plaintiff's characterization of certain identified documents, which speak for themselves. Claimant respectfully refers the Court to those documents for a true statement of their contents.

20. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies same.

21. Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies same.

WHITE & CASE LLP WACHOVIA FINANCIAL CENTER, MIAMI, FLORIDA 33131-2352 • TEL. (305) 371-2700

22.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies same.

23.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies same.

24.     Paragraph 24 contains Plaintiff's characterization of certain identified documents, which speak for themselves. Claimant respectfully refers the Court to those documents for a true statement of their contents.

25.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies same.

26.     Claimant admits that a meeting occurred on or about February 24, 2004, between Carlos Berdeal and SA Casey Oravetz and SA Greg Houghaboom. Claimant denies Plaintiff's allegations regarding the character and substance of the conversation that took place during that meeting.

27.     Paragraph 27 states conclusions of law to which no response is required. To the extent that Paragraph 27 is deemed to plead purported facts, Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies same.

28.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 and therefore denies same.

29.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies same.

30.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies same.

31.     Claimant's answers to paragraphs 1 through 30 are incorporated as if fully set forth

herein.

32.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 32 and therefore denies same. The second sentence of paragraph 32 states conclusions of law to which no response is required. To the extent that the second sentence of paragraph 32 is deemed to plead purported facts, Claimant denies same.

33.     Claimant's answers to paragraphs 1 through 30 are incorporated as if fully set forth herein.

34.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 34 and therefore denies same. The second sentence of paragraph 34 states conclusions of law to which no response is required. To the extent that the second sentence of paragraph 34 is deemed to plead purported facts, Claimant denies same.

35.     Claimant's answers to paragraphs 1 through 30 are incorporated as if fully set forth herein.

36.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and therefore denies same.

37.     Claimant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 37 and therefore denies same. The second sentence of paragraph 37 states conclusions of law to which no response is required. To the extent that the second sentence of paragraph 37 is deemed to plead purported facts, Claimant denies same.

## **PRAYER FOR RELIEF**

The remaining paragraphs in Plaintiff's Complaint for Forfeiture *In Rem* state conclusions of law to which no response is required, and further constitute Plaintiff's prayer for relief to which no response is required. Claimant denies that Plaintiff should be awarded the relief identified in

these paragraphs.

## ALL CLAIMS

To the extent any allegation of the Complaint for Forfeiture *In Rem* remains unanswered, Claimant denies such allegation.

## REQUEST FOR ATTORNEYS' FEES AND COSTS

Claimant respectfully requests an award of its reasonable attorneys' fees and costs incurred in connection with this action under applicable law, including but not limited to the Civil Asset Forfeiture Reform Act and the Equal Access to Justice Act.

## FIRST AFFIRMATIVE DEFENSE

Those portions of the Complaint for Civil Forfeiture *In Rem* designated, "First Claim for Forfeiture," "Second Claim for Forfeiture," and "Third Claim for Forfeiture," if they otherwise present justiciable issues, are barred because Claimant is an innocent owner of Defendants.

## DEMAND FOR JURY TRIAL

Claimant demands a jury trial of all claims so triable.

Dated: November 23, 2004.                    Respectfully submitted,

                                             WHITE & CASE LLP

                                             FAITH E. GAY
                                             Florida Bar No. 129593
                                             T. NEAL MCALILEY
                                             Florida Bar No. 273091
                                             CHRISTOPHER N. DAWSON
                                             Florida Bar No. 617636
                                             White & Case LLP
                                             200 South Biscayne Blvd.
                                             Miami, Florida 33131-2352
                                             (305) 371-2700 (telephone)
                                             (305) 358-5744 (facsimile)

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2004, a copy of the foregoing was sent via U.S. Mail to Antonia J. Barnes, Esq., Assistant U.S. Attorney, 500 S. Australian Avenue, Suite 400, West Palm Beach, Florida, 33401-6235.

CHRISTOPHER N. DAWSON

WHITE & CASE LLP WACHOVIA FINANCIAL CENTER MIAMI, FLORIDA 33131-2352 • TEL. (305) 371-2700